**Stephan M. MOORER, pro se, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 12–524C**

United States Court of Federal Claims.

(Filed December 12, 2012)

Stephan M. Moorer, Terre Haute, IN, pro se.

Russell J. Upton, Washington, DC, with whom was Acting Assistant Attorney General Stuart F. Delery, for defendant.

*Pro se* complaint; 28 U.S.C. § 1915 (2006) application to proceed *in forma pauperis*; RCFC 59(a) motion for reconsideration; three-strikes rule of 28 U.S.C. § 1915(g).

**ORDER GRANTING MOTION FOR RECONSIDERATION AND ENTERING JUDGMENT OF DISMISSAL WITHOUT PREJUDICE**

MILLER, Judge.

On September 27, 2012, the court entered an order that forestalled plaintiff from filing meaningless pleadings until defendant responded to his complaint filed on August 20, 2012. This order also summarily granted plaintiff's application to proceed *in forma pauperis*. Defendant moved for reconsideration on October 19, 2012, arguing that, in granting plaintiff's motion to proceed *in forma pauperis* after the time for responding to the application had passed but before the due date for defendant's response to the complaint, the court had foreclosed defendant from opposing the application. Defendant contended that the three-strikes rule of 28 U.S.C. § 1915(g) (2006), should have barred plaintiff from proceeding *pro se* for all purposes.

28 U.S.C. § 1915(g) provides, in full:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court, by order entered on October 31, 2012, granted defendant's motion to the extent the record was reopened to allow defendant to challenge plaintiff's eligibility to proceed *in forma pauperis*. Plaintiff was required to respond specifically to defendant's assertions concerning the prior orders dismissing as frivolous actions brought by him. *See* Order entered Oct. 31, 2012, at 1–2.

Plaintiff's response, mistakenly entitled a "motion," was filed by leave on November 26, 2012, because it was due on November 16, 2012; did not include the requisite two copies; failed to address the issues raised by the court; and unintelligibly put forth various comments dealing with damages, contracts, and monies allegedly owed to him.

Plaintiff has initiated three civil actions that were dismissed as frivolous. *See Moorer v. United States Penitentiary Pollock*, 342 Fed.Appx. 51, 52 (5th Cir.2009); *Moorer–Bey v. Federal Bureau of Prisons*, Civ. No. 12–212–GPM, 2012 WL 1409500, at *5 (S.D.Ill. Apr. 22, 2012); *Moorer v. United States Penitentiary, Pollock, Executive Supervisory and Custodial Staff*, Civ. Act. No. 08–0365, 2008 WL 2641336, at *5 (W.D.La. June 4, 2008). The 2012 dismissal was plaintiff's "third strike" under 28 U.S.C. § 1915(g). *See* Def.'s Br. filed Oct. 19, 2012, at 3. Accordingly,

**IT IS ORDERED**, as follows:

1. Plaintiff's application to proceed *in forma pauperis* is denied.

2. The Clerk of the Court shall enter judgment dismissing plaintiff's complaint without prejudice for failure to pay the applicable filing fee.

3. Because plaintiff previously filed three civil actions in federal court that have been dismissed as frivolous, plaintiff is barred from filing any civil complaint in any federal

court pursuant to 28 U.S.C. § 1915(g), absent meeting the limited exception thereto.